LOUISE WRIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20209. Promulgated January 16, 1929.

*J. A. Councilor, C. P. A.*, and *Robert W. Littleton, Esq.*, for the petitioner.

*F. Easby-Smith, Esq.*, for the respondent.

OPINION.

LANSDON: The petitioner contends that the payments made to her sons in 1921 were in compensation for services rendered in connection with the management and oversight of her property and the production of her income, and should be allowed as ordinary and necessary business expenses. The record here does not support this contention. She was not engaged in business. The two enterprises from which she received the greater part of her income were concerns that had been long established and each of which had its own executives and employed personnel. There is not the slightest evidence that either of the sons rendered any service to the North & East Steamboat Co. The younger son was an employee of the Harlem & Morrisiana Truck Lines, and as he was not the manager his salary of not less than $100 per week can hardly be regarded as nominal. The older son devoted some time to the oversight of the real estate and security investments, but his mother's total income from this source was less than $3,000.

The oral contract of employment which it is alleged the petitioner made with her sons appears to have been a rather elastic agreement. The sons could render such service as the exigencies of the estate required and their own engagements permitted, and the mother could place her own estimate of value thereon and pay whatever she thought was right. There seems to have been no legal obligation either for the sons to serve or the mother to pay. It is also to be noted that the petitioner, at the most, was only a life tenant of the corpus of the income-producing property, which at her death is to be divided equally between the sons. If the services in question were necessary to the conservation of the corpus of the estate, they were at least as valuable to the sons as to the mother, and can not be regarded a business expense incurred by her in the production of income.

The petitioner cites the decision in *K. Threefoot*, 9 B. T. A. 499, and contends that it should govern here. In that case a father was engaged in the active operation of several large business enterprises, and was the owner of the property involved as well as the recipient of any income resulting therefrom. He was growing old and was failing in health. He employed his sons, who rendered continuous

and substantial service in connection with the operations of his business and the production of his income. The facts there have no significant similarity to the situation here, and our decision in that proceeding establishes no rule applicable to the contention of the petitioner. In our opinion the payments here are without reasonable relationship to the value of services rendered or the amount of income produced, and in substance may be regarded as gifts of income after receipt. Such payments are not deductible from the income of the petitioner in 1921 as reasonable compensation for services rendered in connection with business operations.

*Decision will be entered for respondent.*